UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN M. SPAHN, IRA, on Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>EDWARD D. JONES & CO., L.P., THE JONES FINANCIAL COMPANIES, L.L.L.P., EDJ HOLDING COMPANY, INC., JOHN W. BACHMANN, DOUGLAS E. HILL, MICHAEL R. HOLMES, RICHIE L. MALONE, STEVEN NOVIK, DARRYL L. POPE and ROBERT VIRGIL JR.,<br><br>                  Defendants. | CASE NO.: 4:04-CV-00086 HEA<br><br>CONSOLIDATED CASE NOS.:<br><br>4:04-CV-00118 CAS<br>4:04-CV-00255 DJS<br>4:04-CV-00282 DJS<br>4:04-CV-00466 HEA<br>4:04-CV-00467 HEA<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO ADJOURN JULY 28, 2005 HEARING DATE ON
DEFENDANTS' MOTION TO DISMISS
AND MOTION TO STRIKE**

# INTRODUCTION

Plaintiff respectfully submits this memorandum of law in support of his Motion to Adjourn the July 28, 2005 Hearing Date on Defendants' Motion to Dismiss and related Motion to Strike.[1] As discussed below, in light of recent developments, there is good cause for this Court to adjourn the current hearing date. Since that date is just a few weeks away, Plaintiff respectfully requests expedited consideration of this motion.[2]

Plaintiff filed his Consolidated Amended Class Action Complaint (the "Complaint") on August 23, 2004. Since that time, certain developments have occurred which strongly support Plaintiff's position that good cause exists to adjourn the current hearing date. Specifically, Plaintiff very recently received 1.6 million pages of documents produced by Defendants.[3] Plaintiff has not yet had an opportunity to review this production. In addition, both the SEC and the NASD sanctioned Edward Jones in December 2004 for the conduct at issue in this Complaint. Similarly, the California Attorney General's Office filed an enforcement action on

---

[1] Prior to filing this motion, Plaintiff's Co-Lead Counsel contacted counsel for Defendants and asked whether they would consent to the adjournment of the hearing date. Defense counsel advised that they would not consent.

[2] Should the present motion be granted, Plaintiff requests that the hearing date for Defendants' Motion to Dismiss and Motion to Strike not be reset at this time since the status of these motions would be impacted by the Court's ruling on Plaintiff's motion to supplement.

[3] These documents were previously produced in the Missouri state court action entitled *Enriquez v. Edward D. Jones & Co., L.P. et al.*, No. 04 Civ. 00189, 042-00126A (Mo. Cir. Jan. 6, 2005). While the *Enriquez* state court action has some similarities to the case at bar, the *Enriguez* action involves a different class of harmed investors, different claims, and different damages. Pursuant to this Court's October 27, 2004 Order, Defendants were ordered to produce to the *Spahn* Plaintiff documents previously produced in the *Enriquez* action. In April of 2005, after Defendants produced approximately 1.6 million additional pages of documents in the *Enriquez* action, the *Spahn* Plaintiff sought to obtain these documents pursuant to the October 27, 2004 Order. Defendants agreed to permit the *Spahn* Plaintiff to obtain copies of these documents from the *Enriquez* Plaintiff and the *Spahn* Plaintiff recently obtained the documents.

December 20, 2004 for the same course of conduct at issue here. In order to give Plaintiff a full and fair opportunity to evaluate this new information and thereafter to make a motion to supplement his pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff submits that his motion to adjourn the July 28, 2005 hearing date should be granted and that Plaintiff should have until October 14, 2005 to make a motion to supplement his Complaint.[4]

## FACTUAL BACKGROUND

This is a federal securities class action alleging a deceptive scheme by the Edward Jones Defendants designed to shoehorn as many unwitting investors as possible to purchase a limited number of pre-determined mutual funds ("Shelf Space Funds" or "Funds") from which Edward Jones received kickbacks and other improper incentives during the period from January 23, 1999 through January 9, 2004 (the "Class Period"). Edward Jones, and those of its subsidiaries also named as Defendants, failed to disclose that their unlawful and deceitful course of conduct was designed to improperly financially advantage Defendants to the detriment of Plaintiff and the other members of the class. Edward Jones implemented the scheme by pressuring its brokers and offering them improper incentives to push the Shelf Space Funds without regard for the suitability of the investment. These incentives were financed by millions and millions of dollars in excessive and undisclosed fees charged to the Shelf Space Fund investors themselves. Edward Jones was motivated to operate this scheme because it reaped hundreds of millions of dollars in profits from the fees the Shelf Space Funds charged investors.

---

[4] Further supporting Plaintiff's motion, as revealed by Defendants in their recently-filed Motion to Stay the state court *Enriquez* action against Edward Jones, the parties are engaged in settlement negotiations. Def. Stay Mem. at 4, 11.

As a result of the aforementioned scheme, the Edward Jones brokers had a material undisclosed conflict of interest at the time they advised their customers to invest in the Shelf Space Funds. Edward Jones was motivated to engage in this undisclosed plan and scheme because it collected millions of dollars of undisclosed kickbacks from the Shelf Space Funds. Moreover, the fees it collected for managing and advising the Shelf Space Funds directly under its control were calculated as a percentage of assets under management, and, therefore, tended to increase as the number of these Shelf Space Fund investors grew. The investors and the Funds themselves received no benefit from these payments.

## ARGUMENT

**A.  Good Cause Exists to Adjourn the July 28, 2005 Hearing Date in Light of the Defendants' Production of Documents**

First, pursuant to this Court's October 27, 2004 Order, Plaintiff very recently received 1.6 million pages of documents produced by Defendants. While the documents produced are currently designated for "attorneys' eyes only," this restriction applies only until an appropriate protective order is entered.[5]

Plaintiff would like an opportunity to review and analyze these documents to ascertain whether the documents produced provide additional support to bolster Plaintiff's existing allegations, which information could ultimately be incorporated into a proposed amended pleading. While Plaintiff believes that the information in the documents Defendants produced will further strengthen the allegations in his Complaint, Plaintiff cannot determine what information should be included in an amended complaint until after the document review is

---

[5] In the *Enriquez* action, the parties have already stipulated to such a proposed confidentiality order.

3

DOCS\294807v1

complete. Given the voluminous number of documents to be reviewed and the complexity of the issues involved in this action, Plaintiff anticipates that the earliest such a review could be reasonably completed and a motion for leave to amend the pleadings filed is October 14, 2005.

### B. Good Cause Exists to Adjourn the Hearing Date in Light of Recent Actions Taken by Regulators and Attorneys General Against Edward Jones

Additional developments relevant to Plaintiff's case have occurred since Plaintiff filed his Complaint on August 23, 2004. As noted above, several regulatory and state enforcement actions directly relevant to Plaintiff's Complaint have been filed and settled, providing further support for Plaintiff's existing allegations.[6]

In December, 2004, the SEC and NASD sanctioned Edward Jones $75 million for failing to disclose the identical deceptive scheme at issue here which violated SEC Rule 10b-10 promulgated under the Securities Exchange Act of 1934, Section 17(a)(2) of the Securities Act of 1933[7] and NASD Rule 2830. *See* Ex. A to Declaration of Kim E. Miller ("Miller Decl.")

---

[6] In the interests of efficiency, because these new developments occurred after this Court's October 27, 2004 Order and because the series of regulatory and Attorney General developments have occurred over a several month period beginning in December 2004, Plaintiff deferred making a motion to supplement the pleadings in the hope addressing all developments simultaneously at the appropriate juncture.

[7] Section 17(a)(2) of the Securities Act prohibits obtaining money through the offer or sale of any security by means of "any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." Here, Plaintiff's claims under Section 12(a)(2) of the Securities Act and 10b-5(b) promulgated under Section 10(b) of the Exchange Act track the same language of Section 17(a)(2) that the SEC deemed Defendants to have violated. Courts have repeatedly recognized this similarity, holding that "[s]ection 17(a)(2) prohibits the same type of conduct as §§11 and 12 [of the Securities Act]" as well as Section 10(b) of the Exchange Act. *Singer v. Livoti*, 741 F. Supp. 1040, 1046 (S.D.N.Y. 1990); *Landry v. All American Assurance Co.*, 688 F.2d 381, 390 (5th Cir. 1982); ("Section 17(a)(2) prohibits the same type of conduct as §§ 11 and 12"); *Trussel v. United Underwriters, Ltd.*, 228 F. Supp. 757, 771 (D. Colo.

4

(December 22, 2004 SEC Order Instituting Administrative and Cease and Desist Proceedings, Making Findings, and Imposing Remedial Sanctions In the Matter of Edward D. Jones & Co., L.P.); Ex. B to Miller Decl. (December 20, 2004 NASD Department of Enforcement Letter of Acceptance, Waiver and Consent against Edward Jones). The SEC further ordered Edward Jones to cease and desist from committing any future violations of the securities laws.

The California Attorney General's Office filed a similar enforcement action against Edward Jones on December 20, 2004 based on violations of California law.[8] *The People of the State of California v. Edward D. Jones & Co., L.P.* (Super. Ct. Cal. filed Dec. 20, 2004). The underlying rationale for the California Attorney General's action was that Edward Jones's $75 million settlement with the regulators was far too small to compensate investors for damages Edward Jones caused them. *See, e.g.,* Ex. C to Miller Decl. (Kathleen Pender, *Edward Jones Brokerage Sued by Lockyer over Mutual Fund Pay; Company's Proposed SEC Settlement Called Inadequate*, S.F. CHRONICLE, December 21, 2004, at D1). On that same day, the United States Attorney's Office of the Eastern District of Missouri ("Missouri U.S. Attorney's Office") announced that the Missouri U.S. Attorney's Office, The U.S. Postal Inspection Service, and the FBI had entered into a Deferred Consideration Agreement with Edward Jones arising out of its investigation of Edward Jones's receipt of revenue sharing payments from preferred fund families. The agreement required the U.S. Attorney's Office to delay consideration of any actions against Edward Jones for two years as long as Edward Jones satisfied numerous

---

1964) ("…we conclude that [plaintiff] is privileged to maintain an action under Rule 10b-5(2) to right the same wrong as is dealt with by § 17(a)(2)…").

[8] Exhibits to the California Attorney General's complaint include numerous internal Edward Jones emails regarding the practices at issue in Plaintiff's Complaint.

conditions, including paying the aforementioned $75 million in restitution to the SEC, offering Edward Jones customers with money invested in preferred funds an opportunity to switch mutual fund companies free of charge, restructuring its corporate governance and bonus programs and fully cooperating with investigating authorities.

On March 24, 2005, the California Attorney General's Office followed its action against Edward Jones with a securities fraud lawsuit against American Funds Distributors, Inc., ("AFD") and Capital Research and Management Company ("CRMC"), investment adviser to the American Funds, one of Edward Jones's "Shelf Space" funds. *The People of the State of California v. American Funds Distribs., Inc., et al.* (Super. Ct. Cal. filed Mar. 24, 2005). The lawsuit alleged that AFD and CRMC failed to adequately disclose to investors the "Shelf Space" payments they made to dozens of broker dealers; one of the top three broker-dealers being Defendant Edward Jones. NASD brought similar charges against AFD for engaging in revenue sharing relationships with broker dealers on February 16, 2005. The complaint alleged that AFD violated NASD conduct rules 2830(k)(3) and 2110 for entering and arranging to direct brokerage to brokerage houses in exchange for distribution of American Fund shares.

These regulatory and Attorney General actions further support the existing allegations in Plaintiff's Complaint concerning Defendants' undisclosed kickback scheme. While Plaintiff intends to seek leave to amend his Complaint to include allegations regarding the significant regulatory and Attorney General developments, Plaintiff will not be able to make a comprehensive motion for leave to supplement until he is afforded an opportunity to review the large quantity of documents just produced to Plaintiff.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this motion to adjourn the July 28, 2005 hearing date be granted and Plaintiff be given an opportunity to move to supplement his pleading by October 14, 2005. In light of the shortness of time, Plaintiff respectfully requests that the Court provide an expedited ruling on this Motion.


Dated: July ____, 2005                        Respectfully submitted,

                                              **MILBERG WEISS BERSHAD &
                                              SCHULMAN LLP**


                                              By: ___/s/ Michael R. Reese___
                                                   Jerome M. Congress
                                                   Michael R. Reese
                                                   Kim E. Miller
                                              One Pennsylvania Plaza
                                              New York, New York 10119-0165
                                              Telephone: (212) 594-5300
                                              Facsimile: (212) 868-1229

                                              **STULL, STULL & BRODY**
                                              Jules Brody
                                              Mark Levine
                                              6 East 45th Street
                                              New York, New York 10017
                                              Telephone: (212) 687-7230
                                              Facsimile: (212) 490-2022

                                              **WEISS & LURIE**
                                              Joseph H. Weiss
                                              551 Fifth Avenue
                                              New York, New York 10176
                                              Telephone: (212) 682-3025
                                              Facsimile: (212) 682-3010

                                              *Co-Lead Counsel for Plaintiff*

**SAUERWEIN & BLANCHARD P.C.**
Martin W. Blanchard
William L. Sauerwein
147 N. Meramack Suite 200
St. Louis, Missouri 63105
Telephone: (314) 863-9100
Facsimile: (314) 863-9109
mwb@sauerwein.com

**LAW OFFICES OF LEONARD KOMEN, P.C.**
Leonard Komen
7733 Forsyth Blvd., Suite 300
St Louis, Missouri 63105
Telephone: (314) 651-1611
Facsimile: (314) 863-9196

*Co-Liaison Counsel for Plaintiff*

8

DOCS\294807v1