UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN M. SPAHN, IRA, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD D. JONES & CO., L.P., THE JONES FINANCIAL COMPANIES, L.L.L.P., EDJ HOLDING COMPANY, INC., JOHN W. BACHMANN, DOUGLAS E. HILL, MICHAEL R. HOLMES, RICHIE L. MALONE, STEVEN NOVIK, DARRYL L. POPE and ROBERT VIRGIL JR.,<br><br>Defendants. | **CLASS ACTION**<br><br>Cause No.: 4:04CV00086 HEA<br><br><br>Consolidated with:<br><br>4:04CV00189 CAS<br>4:04CV00225 DJS<br>4:04CV00282 DJS<br>4:04CV00466 HEA<br>4:04CV00467 HEA |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

On the 18th day of October, 2007, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement of Class Actions filed on December 12, 2006 (the "Stipulation"), as amended by the Amendment to Stipulation of Settlement of Class Actions filed on July 13, 2007 (the "Amendment") (the amended Stipulation as amended by the Amendment, the "amended Stipulation"),[1] are fair, reasonable, and adequate

---

[1] Other class actions included in this settlement are: *Enriquez v. Edward D. Jones & Co.*, Cause No. 22042-0126-02 (Mo. Cir. Ct., St. Louis) ("*Enriquez*") and *Bressler v. Edward D. Jones & Co.*, Case No. BC-309500 (Cal. Sup. Ct., L.A. Cty.) (consolidated with *Potter v. Edward D. Jones & Co.*, Case No. BC-310059) ("*Bressler*") (*Enriquez* and *Bressler* are together, the "State Class Actions") (*Spahn*, *Enriquez*, and *Bressler* are collectively, the "Actions").

For purposes of settlement approval proceedings, this Court remanded *Enriquez* to the Circuit Court for the City of St. Louis, Missouri (the "State Court"). By its order dated December 21, 2006, the State Court preliminarily approved the Settlement and conditionally certified the Holder Settlement Class. On July 18, 2007, the State Court entered its order amending the settlement schedule.

for the settlement of all claims asserted by the Purchaser Settlement Class against the Defendants in the Federal Complaint now pending in this Court under the above caption ("*Spahn*" or the "Federal Class Action"), including the release of Defendants and Defendants' Released Persons, and should be approved; (2) whether judgment should be entered dismissing the Federal Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Purchaser Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation, as amended by the Amendment ("amended Plan of Allocation"), as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired shares, units, or like interests in any Preferred Fund, between January 1, 1999 and December 31, 2004, inclusive (the "Class Period"), through Edward D. Jones & Co., L.P., acting as broker or with Edward Jones & Co., L.P., listed as broker/dealer of record, except those persons or entities excluded from the definition of the Purchaser Settlement Class, as shown by the records of Edward Jones, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the amended

Stipulation, enters this final judgment and order of dismissal ("Final Order and Judgment") as set forth below.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Federal Class Action, the Purchaser Settlement Class Representatives, all Purchaser Settlement Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the members of the Purchaser Settlement Class are so numerous that joinder of all Purchaser Settlement Class members in the litigation is impracticable; (b) there are questions of law and fact common to the Purchaser Settlement Class which predominate over any individual questions; (c) the claims of the Purchaser Settlement Class Representatives are typical of the claims of the Purchaser Settlement Class; (d) the Purchaser Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all members of the Purchaser Settlement Class; and (e) a class action is the superior method of adjudicating the controversy, considering: (i) the interests of the members of the Purchaser Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Purchaser Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Class Actions.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of any person or entity, who purchased or otherwise acquired shares, units or like interests in any Preferred Fund, between January 1, 1999

and December 31, 2004, inclusive, through Edward D. Jones & Co., L.P., acting as broker or with Edward Jones & Co., L.P., listed as broker/dealer of record (the "Purchaser Settlement Class"). Excluded from the Purchaser Settlement Class are Defendants in the Class Actions, members of the immediate families (parents, spouses, siblings, and children) of each of the individual defendants, all directors, officers, limited and general partners, subsidiaries and affiliates of the corporate defendants, any person, firm, trust, corporation, or entity in which any Defendant during the Class Period had a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest, or assigns of any such excluded party. Also excluded from the Purchaser Settlement Class are the persons and/or entities who requested exclusion from the Purchaser Settlement Class as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Thomas J. Auer and Jim D. Boswell as the representatives of the Purchaser Settlement Class (the "Purchaser Settlement Class Representatives").

5. Notice of the pendency of this Federal Class Action as a class action and of the proposed Settlement was given to all Purchaser Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Purchaser Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the due process clauses of the Constitution of the United States, and all other applicable laws, and constitutes due and sufficient notice to all persons entitled to receive notice.

6. The Settlement is approved as fair, reasonable, and adequate, and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the amended Stipulation.

7. The Federal Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the amended Stipulation, as against Defendants.

8. The Purchaser Settlement Class Representatives and all of the members of the Purchaser Settlement Class, on behalf of themselves, their heirs, executors, administrators, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights, or causes of action or liabilities (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation (including, but not limited to, claims for violation of the federal securities laws, state securities laws, negligence, gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, insider trading, professional negligence, malpractice, mismanagement, corporate waste, or breach of contract), related to revenue sharing payments received by Defendants from the Preferred Funds, fees and commissions received by Defendants from the Preferred Funds for shelf-space arrangements, directed brokerage transactions, shareholder accounting fees and mutual fund trades generally, whether fixed or contingent, accrued or unaccrued, known or

unknown, liquidated or not liquidated, at law or in equity, matured or not matured, Class-wide or individual in nature, including claims (a) that have been asserted in the Federal and State Class Actions by the Class Members or any of them against any of the Defendants' Released Persons, or (b) that could have been asserted in the Federal and State Class Actions or any other forum by the Class Members or any of them against any of the Defendants' Released Persons, that arise out of, are based upon, or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Federal and State Class Actions or otherwise are based upon or relate in any way to revenue sharing payments received by Defendants, fees and commissions received by Defendants from the Preferred Funds for mutual fund trades, shelf-space arrangements, directed brokerage transactions, shareholder accounting fees and mutual fund trades from the Preferred Funds which were purchased through or held at Edward Jones or held directly at the fund company with Edward Jones listed as Broker/Dealer of record (the "Released Plaintiffs' Claims") against each and all of the Defendants and their respective past or present directors, officers, employees, attorneys, general partners, limited partners, subordinated partners, subordinated limited partners, principals, affiliates, agents, attorneys, shareholders, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns or any entity in which any Defendant has a controlling interest (the "Defendants' Released Persons"). The Released Plaintiffs' Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendants' Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.

9.   Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all

claims, debts, demands, rights, or causes of action or liabilities (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation (including, but not limited to, claims for violation of the federal securities laws, state securities laws, negligence, gross negligence, indemnification, breach of duty of care and/or breach of duty of loyalty, fraud, misrepresentation, breach of fiduciary duty, negligent misrepresentation, unfair competition, malicious prosecution, professional negligence, malpractice, mismanagement, or breach of contract), related to the filing, prosecution or participation in any of the Class Actions or this settlement, whether fixed or contingent, accrued or unaccrued, known or unknown, liquidated or not liquidated, at law or in equity, matured or not matured, Class-wide or individual in nature and all claims arising out of, relating to, or in connection with the filing, prosecution or resolution of the Class Actions or the Released Plaintiffs' Claims (the "Released Defendants' Claims"). The Released Defendants' Claims against Plaintiffs' Released Persons are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Order and Judgment.

10. Neither this Final Order and Judgment, the amended Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Federal Class Action or in any

7

litigation, or the deficiency of any defense that has been or could have been asserted in the Federal Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the amended Stipulation; provided, however, that the Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against the Purchaser Settlement Class Representatives or any of the Purchaser Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Federal Complaint would not have exceeded the Settlement Amount.

11. The amended Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and Edward Jones, or its designated agents, are directed to administer the amended Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Counsel are hereby awarded fees in an amount of $27 million, which is equal to approximately 21.2% of the $127.5 million Settlement, which sum the Court finds to be fair and reasonable, and $712,000 in reimbursement of expenses, with interest thereon from November 20, 2006 to the date of payment of the fees at the same net rate that the cash Settlement Fund earns. A maximum of $28 million of this fee and expense award shall be paid to Plaintiffs' Lead Counsel from the available cash portion of the Settlement Fund (after reserving or paying sufficient cash to pay the cash distribution to Authorized Former Customers). To the extent that insufficient cash is available to pay a maximum of up to $28 million of the fee and expense award after the cash distribution to Authorized Former Customers, the balance shall be payable from any returned or un-cashed distributions after the distribution drafts are no longer valid. To the extent that the fee and expense award exceeds $28 million, the balance shall be payable from any remaining portion of the Cash Component, including any interest thereon and any unclaimed or uncashed checks that has elapsed, that has not been utilized for the payment of the Reimbursement Amount as directed in, paragraph 14 above. The award of attorneys' fees shall be allocated among all Plaintiffs' Counsel in the Class Actions in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates all Plaintiffs' Counsel in the Class Actions for their respective contributions in the prosecution of the Class Actions.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid from the cash portion of the Settlement Fund, the Court has considered and found that:

    (a) the settlement has created benefits amounting to $127.5 million, consisting of $55.0 million in cash that is already on deposit, plus interest thereon since November 20,

2006, and of credits with a face value of $72.5 million, and that Purchaser Settlement Class Members will benefit from the Settlement created by Plaintiffs' Counsel. The Court also recognizes that Holder Settlement Class Members will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Nearly five million (5,000,000) copies of the Class Notice were disseminated to putative Purchaser Settlement Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in an amount not to exceed 30% of the total of the cash amount and face amount of the non-cash portion of the settlement and accrued interest and for reimbursement of expenses in an amount of approximately $27.712 million. The Court also recognizes that copies of the Class Notice were disseminated to putative Holder Settlement Class Members;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The *Spahn* action involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues. The Court also recognizes that the State Class Actions also involve complex factual and legal issues and were actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel in the Class Actions not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from the Defendants in the Class Actions;

(f)     Plaintiffs' Counsel in the Class Actions have submitted declarations or affidavits attesting to having spent over 28.5 thousand hours, with a lodestar value of $12,246,047.65, to achieve the Settlement in the Class Actions; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the cash portion of the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

15.    After payments are made from the Cash Component of the Settlement Fund for taxes, tax related expenses, escrow fees and costs and for payments to Authorized Former Customers, as well as up to twenty-eight million dollars ($28,000,000.00) in attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel, Defendants may be reimbursed for their cost of notice and claims administration up to a maximum of $6 million (the "Reimbursement Amount"). The Reimbursement Amount to Defendants shall be funded, in order of priority, by: (1) any residual from the principal of the Cash Component of the Settlement Fund after payments are made for taxes, tax related expenses, escrow fees and costs and for payments to Authorized Former Customers, as well as up to twenty-eight million dollars ($28,000,000.00) in any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel; (2) any interest earned on the Principal amount of the Cash Component; (3) any unclaimed or uncashed checks to the Authorized Former Customers once the expiration period on such checks has elapsed.

16.    After the expiration period for checks to Authorized Former Customers, Defendants may request reimbursement directly from the Escrow Agent by presenting a verified Request for Reimbursement detailing the costs of notice and claims administration for which they seek reimbursement. Contemporaneous with submitting it to the Escrow Agent, Defendants shall provide Class Counsel a copy of the Request for Reimbursement. If Class Counsel objects

11

to any portion of the Request, they shall notify Defendants and Escrow Agent of such objection within five (5) business days after receipt of the Request. In such event, the parties shall cooperate to resolve the objection. In the event the parties are unable to resolve the objection, Defendants may petition this Court for an Order allowing their Request. Upon resolution of any objection(s), Class Counsel shall notify Escrow Agent that they consent to the Distribution no later than five (5) business days after resolution of the objection(s). In such case, Escrow Agent shall have the authority and obligation to disburse the funds to Edward Jones without further order of this Court within three (3) business days after receiving Class Counsel's Consent. In the event that no objection is filed by Class Counsel within the time set forth above, Escrow Agent shall have the authority and obligation to disburse the funds to Edward Jones without further order of this Court within eight (8) business days after receiving Defendants' Reimbursement Request.

17. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the amended Stipulation and this Final Order and Judgment, and the distribution of the settlement proceeds to the Class Members in the Class Actions.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the amended Stipulation.

Dated:_____
    St. Louis, Missouri

**SO ORDERED.**

                                                     Honorable Henry E. Autrey
                                                     United States District Judge
                                                     Eastern District of Missouri

Submitted by:

**WEISS & LURIE**
Joseph H. Weiss
Richard A. Acocelli
James E. Tullman
Julia J. Sun
551 Fifth Avenue
New York, New York 10176
Telephone: (212) 682-3025
Facsimile: (212) 682-3010

**STULL, STULL & BRODY**
Jules Brody
Mark Levine
James Henry Glavin, IV
6 East 45th Street
New York, New York 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

**MILBERG WEISS LLP**
Jerome M. Congress
One Pennsylvania Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Co-Lead Counsel for the Spahn Plaintiffs*

**BLITZ, BARDGETT & DEUTSCH, L.C.**
Robert D. Blitz
Christopher O. Bauman
120 South Central, Suite 1650
St. Louis, Missouri 63105
Telephone: (314) 863-1500
Facsimile: (314) 863-1877

**STANLEY, MANDEL & IOLA, L.L.P.**
Roger L. Mandel
Matthew J. Zevin
550 West C Street, Suite 1600
San Diego, California 92101
Telephone: (619) 235-5306
Facsimile: (815) 377-8419

**HULETT, HARPER, STEWART, L.L.P.**
Kirk B. Hulett
550 West C Street, Suite 1770
San Diego, California 92101
Telephone: (619) 338-1133
Facsimile: (619) 338-1139

**GOODIN, MACRIDGE, SQUERI, RITCHIE & DAY, L.L.P.**
Wayne T. Lamprey
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone: (415) 392-7900
Facsimile: (415) 398-4321

*Co-Lead Counsel for the Enriquez Plaintiffs*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Peter A. Binkow
Michael Goldberg
Marc L. Godino
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**REINHARDT WENDORF & BLANCHFIELD**
Mark Reinhardt
Garrett Blanchfield
E-1250 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
Telephone: (651) 287-2100
Facsimile: (651) 287-2103

**MURRAY FRANK & SAILER LLP**
Brian Murray
Jacqueline Sailer
275 Madison Avenue
New York, New York 10016-1101
Telephone: (212) 682-1818
Facsimile: (212) 682-1892

14

**LAW OFFICES OF BRIAN BARRY**
Brian J. Barry
1801 Avenue of the Stars, Suite 308
Los Angeles, California 90067
Telephone: (310) 788-0831
Facsimile: (310) 788-0841

*Counsel for the Bressler Plaintiffs*

**GREENSFELDER, HEMKER & GALE, P.C.**
David M. Harris
James H. Ferrick
David P. Niemeier
10 S. Broadway, Suite 2000
Saint Louis, Missouri 63102
Telephone: (314) 241-9090
Facsimile: (314) 241-8624

*Counsel for Edward D. Jones & Co., L.P., Jones Financial Companies, L.L.L.P., EDJ Holding Company, Inc., John W. Bachmann, Douglas E. Hill, Michael R. Holmes, Richie L. Malone, Steven Novik, Darryl L. Pope, and Robert Virgil, Jr.*